UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN ROBERT FOCHE,

    Movant,

v.                                                        CASE NO. 8:20-cv-737-CEH-SPF
                                                    CRIM. CASE NO. 8:18-cr-569-CEH-SPF

UNITED STATES OF AMERICA,

    Respondent.
_____/

**ORDER**

    Pending before the Court is Foche's Amended Motion to Vacate, filed under 28 U.S.C. § 2255 (cv Doc. 6) in which he, among other things, accuses trial counsel of rendering ineffective assistance in failing to file an appeal of his judgment and sentence in his criminal case. Upon consideration, the Amended Motion will be granted.

**BACKGROUND**

    In his Amended Motion, Foche alleges that he instructed counsel to file a notice of appeal of his judgment of conviction, but counsel refused to do so (cv Doc. 6 at pp. 16-17). On January 30, 2024, the Court held an evidentiary hearing on this claim (cv Doc. 43). During his closing statement, counsel for Foche argued that the testimony during the evidentiary hearing revealed counsel failed to consult with Foche about an appeal and failing

1

to consult constituted deficient performance under *Roe v. Flores-Ortega*, 528 U.S. 470 (2000). In response, the Government argued that the "failure to consult" argument should not be considered by the Court because Foche never raised the issue in his Amended Motion or otherwise briefed the issue and only alleged counsel was instructed to file a notice of appeal and refused to do so. The Government also stated that if the Court considered the "failure to consult" issue, it wanted an opportunity to brief the issue.

The Court granted the parties an opportunity to brief the issue (cv Doc. 44). The Government determined that the "failure to consult" issue was properly before the Court, and Foche's former counsel failed to consult with Foche about an appeal (cv Doc. 45). The Government therefore recommended the Court grant the Amended Motion solely on the "failure to consult" issue, vacate the judgment in the criminal case, impose the identical sentence to allow Foche to file an out-of-time appeal, and dismiss the remainder of the Amended Motion without prejudice (*Id.*). Foche agrees this Court should vacate Foche's judgment and sentence, re-impose the same sentence, and advise Foche of his right to file a direct appeal (cv Doc. 46).

**DISCUSSION**

The Court agrees with the parties. The "failure to consult" issue is properly before the Court because it relates back to Foche's claim that counsel failed to appeal his judgment of conviction. *See Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000) ("[I]n order to relate back, the untimely claim must have arisen from the same set of facts as the timely filed

2

claim, not from separate conduct or a separate occurrence in both time and type."). And the testimony during the evidentiary hearing revealed that trial counsel did not consult with Foche regarding an appeal after Foche's mother expressed an interest in an appeal with trial counsel. *See Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000) ("counsel has a constitutionally imposed duty to consult" with his client about the right to appeal "when there is reason to think either. . .that a rational defendant would want to appeal" or the client expresses interest in an appeal.).

Based on the foregoing, the Court concludes that Foche will be afforded an out-of-time appeal pursued by appointed counsel. In doing so, the Court will utilize the procedure mandated by the Eleventh Circuit Court of Appeals in *United States v. Phillips*, 225 F.3d 1198, 1201 (11th Cir. 2000).

Accordingly:

1) The Amended Motion to Vacate (cv Doc. 6) is **GRANTED** solely as to Foche's claim that counsel failed to consult him about the right to appeal and only to the extent that Foche may file an appeal of the amended judgment in the related criminal case. All other claims are **DISMISSED** without prejudice.

2) The Court will enter an order in the related criminal case vacating the original judgment and imposing the identical sentence in an amended judgment.

3) The **Clerk** is directed to enter judgment in this case for Foche, close the case, enter a copy of this Order in the criminal case, Case No. 8:18-cr-569-CEH-SPF (M.D.Fla.), and

terminate both the § 2255 motion at docket entry no. 59 and the amended § 2255 motion at docket entry no. 84 in the criminal case.

4) Foche's § 2255 counsel, William Sansone, must file a notice of appeal in the criminal case, 8:18-cr-569-CEH-SPF (M.D.Fla.), within fourteen (14) days of the entry of the new judgment, *unless Foche expressly instructs counsel to not file a notice of appeal*. Upon filing the notice of appeal, Mr. Sansone must confirm with the Court that the notice of appeal has been filed and must also advise the Court as to whether he will represent Foche in his direct appeal. If Mr. Sansone advises the Court that he will not represent Foche in his direct appeal, the Court will appoint Foche new counsel.

**ORDERED** in Tampa, Florida, on February 21, 2024.

Charlene Edwards Honeywell
United States District Judge

Copies to: Counsel of Record

4